UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ABUYUSUF A. el-AMIR, a/k/a JOSEPH HAMPTON, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| KROGER SUPERMARKET, et al., | ) ) |
| Defendants. | ) ) |

No. 3:17-cv-01189
Judge Trauger

# **M E M O R A N D U M   A N D   O R D E R**

The Court has before it a *pro se* prisoner complaint (Docket Entry No. 1) under 42 U.S.C. § 1983 and an application to proceed in forma pauperis (Docket Entry No. 2).

The plaintiff, Abuyusuf el-Amir, is an inmate at the Hill Detention Center in Nashville. It appears from the application that the plaintiff lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, plaintiff's application is **GRANTED**. The Clerk will file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

The plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

1

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff brings this action against a Kroger supermarket, three John Doe Kroger employees, the Metro Nashville Police Department and three John Doe police officers, seeking damages.

On August 8, 2016, the plaintiff went to a local Kroger supermarket to shop for groceries. Docket Entry No. 1 at 10. During his "shopping spree", three Kroger employees stopped the plaintiff. *Id.* at 12. They asked the plaintiff to submit to a search. *Id.* Apparently, the plaintiff refused to consent to a search. The Kroger employees detained the plaintiff and called the police. *Id.* at 13.

When three Metro police officers arrived, they searched the plaintiff but found nothing to suggest that he had been doing anything wrong. *Id.* The plaintiff was told to pay for the items he had in his shopping cart and leave the store. *Id.* at 14. After exiting the store, the plaintiff was told that he could not remain on Kroger property to wait for a ride home. *Id.* at 15. He was forced to walk home five miles carrying several bags of groceries. *Id.*

The plaintiff claims that he was wrongfully detained by the Kroger employees and "forcibly searched" by the police officers. *Id.* at 7. He also claims due process and equal protection violations when he was asked to check out and leave the premises. *Id.* at 8-9.

In Tennessee, there is a one year limitation period for the filing of civil rights claims brought pursuant to § 1983. Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005). Under federal law, the limitation period begins to run when the plaintiff knows or has reason to know of the injury that forms the basis of his action. Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984). In determining when the cause of action accrues in a § 1983 case, we must look to what event should have alerted the typical lay person to protect his or her rights. Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir. 1991).

The plaintiff was detained, searched and released on August 8, 2016. The complaint was signed by the plaintiff on August 4, 2017, within the one year limitation period. Docket Entry No. 1 at 6. However, a cover letter that accompanied the complaint is dated August 17, 2017. *Id.* at 16. A pleading from a prisoner is considered filed on the date that it was given to prison officials for posting. Houston v. Lack, 487 U.S. 266 (1988). Given the date on the cover letter, the complaint could not have been given to prison officials for posting any earlier than August 17th. Thus, it appears that this action is time-barred by the one year statute of limitations imposed upon civil rights claims brought in Tennessee. Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir.1997). Consequently, this action is hereby **DISMISSED**. 28 U.S.C. § 1915(e)(2).

An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the plaintiff is **NOT** certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

Nevertheless, should the plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505) or submit a new application to proceed in forma pauperis with a certified copy of his inmate trust account statement

for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601, 609 (6th Cir. 1997), *abrogated on other grounds,* LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013).[1]

The Clerk is directed to send a copy of this order to the Sheriff of Davidson County to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

It is so **ORDERED**.

ENTER this 5th day of September 2017.

_____
Aleta A. Trauger
United States District Judge

---

[1] In a departure from former practice, an individual or prisoner granted pauper status before the district court is no longer automatically entitled to pauper status on appeal. McGore, at 610.